UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MATTHEW DEIBERT,

        Plaintiff,

v.                                                      Case No. 19-C-151

KOHN LAW FIRM, S.C.,

        Defendant.

**ORDER GRANTING-IN-PART AND DENYING-IN-PART
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

Plaintiff Matthew Deibert commenced this Fair Debt Collection Practices Act (FDCPA) action against Defendant Kohn Law Firm, S.C., on January 28, 2019. On May 15, 2019, the court entered an order enforcing the parties' settlement which stated:

> 1. Defendant shall pay Plaintiff statutory damages of $1,000.00 under 15 U.S.C. § 1692k(a)(1);
>
> 2. Plaintiff is entitled to reasonable costs and attorneys' fees under 15 U.S.C. § 1692k(a)(3) in an amount to be determined by the Court on a fee application;
>
> 3. Plaintiff shall file a fee petition by June 19, 2019, for the Court to decide the reasonable amount of costs and attorneys' fees; Defendant shall file a brief in opposition by July 11, 2019; and Plaintiff shall file any reply brief by July 19, 2019.

Dkt. No. 23. This matter is before the court on Deibert's motion for attorneys' fees.

In his motion, Deibert seeks $31,720 in attorneys' fees ($28,795.00 for attorneys' fees through the filing of the fee petition plus $2,925.00 for preparation of the reply brief) and $522.82 in costs. Deibert notes that this amount already accounts for a self-reduction of $2,780.00 for 6.7 hours of work from the actual attorneys' fees incurred. Dkt. No. 25 at 3–4. Kohn opposes Deibert's

motion, contending that no fees should be awarded for time spent by Deibert's attorneys after its Rule 68 offer of judgment for $1,501.00 plus reasonable attorneys' fees and costs incurred through the date of the offer because the amount in the offer of judgment exceeds Deibert's statutory damages award of $1,000.00. In the alternative, Kohn contends that, if Deibert is entitled to fees and costs, the amount of attorneys' fees should be reduced. Kohn also seeks $352.77 in costs that it incurred after Deibert did not accept its Rule 68 offer of judgment. For the following reasons, Deibert's motion will be partially granted.

**BACKGROUND**

In his initial complaint filed on January 28, 2019, Deibert alleged Kohn violated 15 U.S.C. §§ 1592e, 1592e(2), 1592e(5), 1592e(10), and 1692i of the FDCPA as well as Wis. Stat. §§ 421.401and 427.104(1)(j) of the Wisconsin Consumer Act (WCA) when Kohn filed an action in an improper venue. In particular, Deibert claimed Kohn initiated a Wisconsin state court lawsuit against Deibert in Douglas County when Kohn should have known that Deibert lived in Dodge County.[1] Deibert sought actual and statutory damages under the FDCPA and WCA as well as punitive damages under Wisconsin law. Dkt. No. 1 at 9.

On January 29, 2019, one day after the lawsuit was filed, Kohn emailed opposing counsel and requested Deibert's demand in an effort to resolve the case. Kohn also provided an executed waiver of service to spare Deibert "the time and effort (and cost) of having to obtain personal service." Dkt. No. 29-1 at 1. Opposing counsel responded to Kohn's email that same day, but did not provide a demand and instead rejected Kohn's waiver of service, stating that is would not file

---

[1] Although Kohn initially obtained a default judgment against Deibert in that state court action, the judgment has since been vacated. Dkt. No. 26-2.

2

the waiver, because "We did not ask Kohn for a waiver of service, and we've arranged for service of process." *Id.* at 3.

The following day, January 30, Kohn again emailed opposing counsel stating "We simply want to make your client whole. . . . If you can just tell us what your client wants, we can wrap this up." *Id.* at 6. Opposing counsel again refused to provide a demand. Kohn emailed opposing counsel again the same day, stating "Just tell me what you are seeking from Kohn. . . . I just need to know what it is you're looking for so that we can take care of this. . . . We want to pay." *Id.* at 8. In response to Kohn's request for a demand, opposing counsel stated, "Stop asking for one." *Id.* at 7.

Unable to obtain a demand from opposing counsel, on January 31, 2019, three days after the case was filed, Kohn served Deibert with a Rule 68 offer of judgment that stated:

1. Judgment shall be entered in favor of Plaintiff and against Defendant in the cumulative amount of $1,501.00, arising from Plaintiff's claims against Defendant in this lawsuit.

2. The judgment entered shall include an additional amount for Plaintiff's reasonable attorney's fees and costs incurred through the date of this offer in connection with the claims alleged against Defendant in the above-captioned matter. Said amount for attorney's fees and costs shall be agreed by counsel for Plaintiff and Defendant, or determined by the Court upon application by Plaintiff's counsel, subject to objection and response by Defendant's counsel, if counsel are unable to reach agreement.

Dkt. No. 26-3. Deibert did not accept the offer.

On February 18, 2019, Kohn filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) seeking dismissal of all claims except the § 1692i claim under the FDCPA. Dkt. Nos. 11–12. In lieu of a response, Deibert filed an amended complaint on March

3

11, 2019, asserting a single claim under § 1692i and seeking only actual and statutory damages under the FDCPA.

After Deibert was deposed on April 17, 2019, he withdrew his claim for actual damages. Kohn then agreed to pay Deibert $1,000.00, the maximum in statutory damages. The parties filed a joint motion for an order enforcing the stipulated settlement agreement, which the court issued on May 15, 2019. Deibert subsequently filed the instant motion for attorneys' fees and costs on June 19, 2019.

The parties dispute the amount of costs and attorneys' fees. Kohn seeks to limit costs and attorneys' fees to $3,785, the amount opposing counsel had incurred through the date of its Rule 68 offer, while Deibert seeks costs and fees exceeding $32,000 incurred through the submission of his motion for attorneys' fees and the briefing thereon.

**ANALYSIS**

Under the FDCPA, a debt collector is liable for "the costs of the action, together with a reasonable attorney's fee as determined by the court" in the case of any successful action. 15 U.S.C. § 1692(k)(a)(3); *see Tolentino v. Friedman*, 46 F.3d 645, 651–52 (7th Cir. 1995). "The touchstone for a district court's calculation of attorney's fees is the lodestar method, which is calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended." *Gastineau v. Wright*, 592 F.3d 747, 748 (7th Cir. 2010) (citing *Schlacher v. Law Offices of Phillip J. Rotche & Assocs.*, 574 F.3d 852, 856 (7th Cir. 2009)). "If necessary, the district court has the flexibility to 'adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation.'" *Id.* (quoting *Schlacher*, 574 F.3d at 856–57). "The standard is whether the fees are reasonable in relation to the

difficulty, stakes, and outcome of the case." *Connolly v. Nat'l Sch. Bus. Serv., Inc.*, 177 F.3d 593, 597 (7th Cir. 1999).

In *Moriarty v. Svec*, the court held that "[s]ubstantial settlement offers should be considered by the district court as a factor in determining an award of reasonable attorney's fees, even where Rule 68 does not apply." 233 F.3d 955, 967 (7th Cir. 2000). "[A]n offer is substantial if . . . the offered amount appears to be roughly equal to or more than the total damages recovered by the prevailing party. In such circumstances, a district court should reflect on whether to award only a percentage (including zero percent) of the attorney's fees that were incurred after the date of the settlement offer." *Id. Moriarty* was an ERISA case.

More recently, the court applied this same principle in an FDCPA case with an almost identical Rule 68 offer. *See Paz v. Portfolio Recovery Assocs., LLC*, 924 F.3d 949 (7th Cir. 2019). In *Paz*, the plaintiff filed a lawsuit against the defendant debt collector for its alleged violations of the FDCPA and the Fair Credit Reporting Act (FCRA). After the district court entered summary judgment for the defendant on the majority of the plaintiff's claims, the defendant made a series of Rule 68 offers to settle the lawsuit. The plaintiff rejected the offers and proceeded to trial. The jury found in favor of the plaintiff on his claims but limited his total recovery to $1,000 in statutory damages, significantly less than the $3,501 he had been offered before trial. The plaintiff later sought to recover $187,410 in attorneys' fees and $2,744 in costs. The district court awarded only $10,875 in attorney's fees, the amount incurred before the Rule 68 offer, and the Seventh Circuit found no abuse of discretion and affirmed. Kohn argues that the same rationale applies here.

Deibert argues that it would be unfair to cut off his fee award as of January 31, 2019, when Kohn made its Rule 68 settlement offer, because accepting the offer would have unreasonably

5

denied him and his attorneys the time they needed to evaluate the offer, prepare a fee petition, and take other actions that might have been necessary to close out the case. But this argument ignores the fact that the Rule 68 offer would only determine Deibert's recovery, not the amount of the attorney fee award.

*Paz* rejected this same argument. There, as in this case, the plaintiff argued that a condition of the Rule 68 offer that could be read as cutting off attorney's fees at the time of acceptance and thereby exposing the plaintiff to an unknown amount of fees for the time his counsel would spend doing the paperwork necessary to finalize the settlement and enter the Rule 68 judgment against the defendant. 924 F.3d at 954–55. Noting that the plaintiff's position "inheres with an air of unreality," the court concluded:

> All Paz's counsel had to do was request a fee award that would cover the time necessary to finalize the settlement. This would not have been difficult given the relative simplicity of the claims. By no means was this a scenario where a defendant conveyed an incomprehensible offer or acted in bad faith by setting a trap to preclude a plaintiff from recovering a reasonable amount in attorneys' fees as part of a settlement.

*Id.* at 955.

The same is true here. Three days after the case was filed, Kohn offered to settle the case for $500 more than the statutory maximum of $1,000 that Deibert ultimately accepted. Deibert could have accepted the offer, entered judgment and then immediately petitioned for fees if the parties were unable to agree. It should not have been necessary for Kohn to take Deibert's deposition in order for opposing counsel to know there were no actual damages, and given Kohn's immediate acknowledgement of liability and request for a demand, there was no need to challenge the pro forma affirmative defenses and undertake costly discovery. By doing so, opposing counsel

not only unreasonably increased its own fees and costs, but also Kohn's. The attempt by opposing counsel to resolve a separate action in state court also fails to justify the delay and additional fees expended in resolving this case.

Based on the foregoing considerations, I conclude that an attorney's fee of $5,000 is reasonable. This is sufficient to account for the fees incurred prior to the offer, as well as those that would have been reasonably necessary to evaluate and accept the offer, and then complete the paperwork, including a reasonable fee petition. Deibert is also awarded costs in the amount of $522.40. Kohn is likewise awarded its cost incurred after its offer was rejected in the amount of $352.77 in accordance with *Paz*. 924 F.3d at 954. Deibert's motion for attorneys' fees (Dkt. No. 24) is therefore **GRANTED-IN-PART** and **DENIED-IN-PART**. Deibert is entitled to an award, after set-off of costs due Kohn, of $5,169.63. Deibert's motion for leave to file a late reply brief (Dkt. No. 33) is also **GRANTED**.

**SO ORDERED** at Green Bay, Wisconsin this __7th__ day of October, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
